# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONEN HERSHCU,<br><br>                      Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>                      Defendants. | CASE NO. 12-CV-00096 BEN (BLM)<br><br>**ORDER:**<br><br>**(1) REMANDING ACTION TO THE SAN DIEGO COUNTY SUPERIOR COURT**<br><br>**(2) DENYING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS**<br><br>[Docket No. 11] |

Presently before the Court is Plaintiff's Motion to Remand. (Docket No. 11.) For the reasons stated below, the Motion to Remand is **GRANTED IN PART AND DENIED IN PART**. This action is **REMANDED** to the San Diego County Superior Court. Plaintiff's request for an award of attorneys' fees and costs is **DENIED**.

## BACKGROUND

On November 16, 2011, Plaintiff Ronen Hershcu, a citizen of California, originally filed this foreclosure action in the San Diego County Superior Court, naming Wells Fargo Bank and Cal-Western Reconveyance Corporation as Defendants. The Complaint asserts eleven causes of action: (1) breach of contract; (2) breach of contract implied in fact; (3) breach of implied covenant of good faith and fair dealing; (4) promissory estoppel; (5) fraud and deceit (false promise); (6) unjust enrichment; (7) rescission of loan contracts; (8) wrongful foreclosure; (9) violation of Business and

Professions Code Section 17200; (10) quiet title; and (11) injunction. On December 20, 2011, Cal-Western filed a declaration of non-monetary status. On January 11, 2012, Wells Fargo removed the action under 28 U.S.C. § 1441(a), contending that the Court has diversity jurisdiction over the action under 28 U.S.C. § 1332.

Presently before the Court is Plaintiff's Motion to Remand.[1] The hearing on the Motion to Remand was originally scheduled to take place on March 12, 2012, at 10:30 a.m. Plaintiff moved to shorten time on the Motion to Remand so that he would be able to seek an injunction enjoining a trustee's sale scheduled for February 14, 2012, once the Motion to Remand was ruled upon. Accordingly, the hearing was rescheduled for February 13, 2012, at 10:30 a.m. This hearing was subsequently vacated pursuant to Civil Local Rule 7.1.d.

## DISCUSSION

Congress has authorized a defendant to remove a civil action from state court to federal court. 28 U.S.C. § 1441. However, the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Moreover, there is a strong presumption against removal jurisdiction; doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.

---

[1] Plaintiff requests that the Court take judicial notice of: (1) the Notice of Default, recorded in the San Diego County Recorder's Office as Document No. 2011-0213364 on April 25, 2011; (2) the Substitution of Trustee, recorded in the San Diego County Recorder's Office as Document No. 2011-0281836 on June 2, 2011; and (3) *Sublett v. NDEX West, LLC*, Case No. 11-CV-185 (S.D. Cal. Feb. 14, 2011). Wells Fargo requests that the Court take judicial notice of (1) the Minute Order in Case No. 37-2011-00095472-CU-PT-CTL (Cal. Super. Ct. Sept. 15, 2011); (2) the Register of Actions Notice in Case No. 37-2011-00095472-CU-PT-CTL (Cal. Super. Ct. Jan. 27, 2012); (3) the Docket Sheet in Case No. 11-15378-LT13 (Bankr. S.D. Cal.); (4) the Order Dismissing Chapter 13 Case in Case No. 11-15378-LT13 (Bankr. S.D. Cal. Nov. 18, 2011); (5) the Docket Sheet for Case No. 12-00163-LT13 (Bankr. S.D. Cal.); (6) the Order Dismissing Case Without Prejudice in Case No. 12-00163-LT13 (Bankr. S.D. Cal. Jan. 23, 2012); (7) the Notice of Default and Election to Sell Under Deed of Trust, dated April 25, 2011 and filed in the San Diego County Recorder's Office as Document No. 2011-0213364; (8) the Substitution of Trustee, dated May 19, 2011 and filed in the San Diego County Recorder's Office as Document No. 2011-0281836; and (9) the Notice of Trustee's Sale, dated July 26, 2011 and filed in the San Diego County Recorder's Office as Document No. 2011-0377011. The Court **GRANTS** both requests for judicial notice. *See* FED. R. EVID. 201(b); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) **("[T]he court may take judicial notice of the existence of unrelated court documents, although it will not take judicial notice of such documents for the truth of the matter asserted therein.").**

1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Wells Fargo removed the action under 28 U.S.C. § 1441(a), contending that the Court has diversity jurisdiction over the action under 28 U.S.C. § 1332. Section 1332(a) provides, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." It is undisputed that both Plaintiff and Cal-Western are citizens of California. In the Notice of Removal, Wells Fargo argues that Cal-Western's citizenship should be ignored because it was fraudulently joined only to defeat diversity.

A non-diverse party named in the state court action may be disregarded if the federal court determines that party's joinder is a "sham" or "fraudulent" so that no possible cause of action has been stated against that party. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "The burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). Courts do not ordinarily consider a nondiverse defendant's defenses on the merits in determining whether that defendant's joinder was "fraudulent." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009).

First, Wells Fargo argues that none of the causes of action successfully states a claim against Cal-Western. Here, the Court will consider only the eighth cause of action for wrongful foreclosure asserted against Cal-Western. Plaintiff alleges that Cal-Western exceeded the scope of its authority as an agent of Wells Fargo when it recorded the notice of default. Wells Fargo argues that Cal-Western was fraudulently joined because Cal-Western's actions in recording the notice of default is privileged under California Civil Code Section 2924(d) and because the eighth cause of action fails to meet the Federal Rule of Civil Procedure 8 pleading standard. However, these are not proper considerations for determining whether a party was fraudulently joined. *See Hunter*, 582 F.3d at 1044 (courts do not ordinarily consider a nondiverse defendant's defenses on the merits in determining

whether that defendant's joinder was "fraudulent").

Second, Wells Fargo argues that Cal-Western is a nominal party that should be ignored for diversity purposes because it is a trustee under the deed of trust and has filed a Declaration of Non-Monetary Status, which remains unchallenged. California Civil Code Section 2924, which allows for declarations of nonmonetary status, does not render a defendant a sham defendant or a purely nominal party:

> A defendant's declaration of nonmonetary status, which excuses a party from active participation in the case, is not conclusive. **A timely objection, or even facts which arise during discovery, are allowed to show the defendant was not entitled to nonmonetary status. . . .** *[E]ven if a defendant's nonmonetary status declaration remains unchallenged for the duration of the action*, **the defendant is bound by the nonmonetary terms of the judgment.**

*Sublett v. NDEX West, LLC*, No. 11-CV-185, 2011 WL 663745, at *2 (S.D. Cal. Feb. 14, 2011) (citations omitted) (emphasis added).[2] The citizenship of Cal-Western may not be ignored for diversity purposes because it has filed a Declaration of Non-Monetary Status. Cal-Western has not been fraudulently joined. Accordingly, because Plaintiff and Cal-Western are both citizens of California, this Court does not have jurisdiction under § 1332. This action is REMANDED to the San Diego County Superior Court.

In addition, Plaintiff requests that the Court order Wells Fargo to pay Plaintiff attorneys' fees and costs incurred in preparing the Motion to Remand, in the amount of $2,887.50. Under 28 U.S.C. § 1447(c), "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Such an award of attorneys' fees is discretionary. *Id.* at 136.

---

[2] Wells Fargo cites *Cabriales v. Aurora Loan Services*, No. 10-161, 2012 U.S. Dist. LEXIS 24726, at *6-7 (N.D. Cal. Mar. 2, 2010), for the proposition that a trustee under a deed of trust that has filed a declaration of non-monetary status becomes a nominal party whose citizenship is disregarded for purposes of assessing diversity jurisdiction. *Cabriales*, however, is not binding authority, and its reasoning is not persuasive.

**Here, although this Court has found that Cal-Western was not fraudulently joined, Wells Fargo nonetheless had an objectively reasonable basis for removal. Plaintiff's request for attorneys' fees and costs is DENIED.**

## CONCLUSION

**For the reasons stated above, the Motion to Remand is GRANTED IN PART AND DENIED IN PART. This action is REMANDED to the San Diego County Superior Court. Plaintiff's request for attorneys' fees and costs is DENIED.**

**IT IS SO ORDERED.**

**DATED: February 10, 2012**

**Hon. Roger T. Benitez
United States District Judge**